IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SERGIO ARCEO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:06-cv-4810-TMP |
| | ) |
| CAMERON L. BEEDLE, CLIFTON L. | ) |
| WASHINGTON, CITY OF HOMEWOOD, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This cause is before the court on the motions to dismiss filed by the individual defendants, Officers Cameron L. Beedle and Clifton L. Washington, and by the defendant City of Homewood on March 14, 2007 (docs. 3 & 4). The motions relied upon evidence outside the pleadings, and the court, by order dated May 11, 2007, notified the parties that the motions to dismiss would be converted into motions for summary judgment. The matters have been briefed. The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). Having considered all the pleadings and arguments of the parties, the court finds the motions are due to be granted in part and denied in part.

**STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." Fed. R. Civ. P. 56(c).  The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  Celotex, 477 U.S. at 322-23.  There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim."  Id. at 323.

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'"  Id. at 324 (quoting Fed. R. Civ. P. 56(e)).  The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings.  Celotex, 477 U.S. at 324.  "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Id. at 322.

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact, and the moving party is

entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. His guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52; see also Bill Johnson's Restaurants, Inc. v. N.L.R.B., 461 U.S. 731, 745 n.11 (1983). However, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249 (citations omitted); accord Spence v. Zimmerman, 873 F.2d 256 (11th Cir. 1989). Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. Anderson, 477 U.S. at 254; Cottle v. Storer Communication, Inc., 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor. Anderson, 477 U.S. at 255. The non-movant need not be given the benefit of every inference but only of every reasonable inference. Brown v. City of Clewiston, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## **DISCUSSION**

Plaintiff filed a complaint asserting violations of his constitutional rights guaranteed by the First, Eighth, Ninth, and Fourteenth Amendments, and seeking relief pursuant to 42 U.S.C. § 1983.[1] He claims that he was wrongfully arrested and beaten by two police officers employed by the City of Homewood. Additional counts in the complaint allege state-law claims false arrest, malicious prosecution, negligent training and supervision,[2] and false imprisonment. Motions to dismiss were

---

[1] The plaintiff concedes that his complaint does not properly allege any violation of the Eighth or Ninth Amendments, and the court finds that the complaint does not state any claim arising under the First Amendment. The complaint is properly construed as alleging an illegal seizure/excessive force claim, in violation of the Fourth Amendment, and brought pursuant to the Fourteenth Amendment and § 1983. As the Eleventh Circuit has explained, "In Graham [v. Connor, 490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989)], the Supreme Court held that 'all claims that law enforcement officers have used excessive force — deadly or not — in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a "substantive due process" approach.'" Wilson v. Northcutt, 987 F.2d 719, 722 (11th Cir. 1993). Accordingly, to the extent that the motions seek dismissal of any claims for violations of the First, Eighth, or Ninth Amendments, the motions are due to be granted. However, the court will analyze the claims under the Fourth Amendment.

[2] It is not entirely clear whether Count Four of the complaint is grounded in state law or federal constitutional law, or both. The operative allegation in the count states:

> Defendant, City of Homewood, negligently, wantonly and/or willfully breached their duty to Plaintiff by failing to use the reasonable and ordinary care necessary to insure that Officers Washington and Beedle were properly investigated, trained, and/or supervised and was, therefore, not a threat to violate Plaintiff's constitutional rights, or the constitutional rights of any other citizens.

Although this paragraph alleges a negligent or wanton failure to train and supervise, it also asserts that the breach of the duty led to the deprivation or threatened deprivation of "constitutional rights." Reading the complaint liberally, the court will deem the complaint to allege claims under both federal and state law, asserting a federal claim directly against the municipal defendant for deliberate indifference to the need to train and supervise its officers to prevent violations of its citizen's constitutional rights, and a state-law claim for negligent and wanton failure to train and supervise its police officers.

filed by the individual defendants, police officers Cameron L. Beedle and Clifton L. Washington, and by the municipal defendant, the City of Homewood. Homewood's motion was supported by an affidavit, and both of the individual defendants incorporated Homewood's motion into their own. Accordingly, the motions were deemed motions for summary judgment, and the parties were notified of the court's application of Federal Rule of Civil Procedure 56.

The individual defendants seek dismissal on the following grounds:

1. That all of the plaintiff's claims against the individual defendants in their official capacities are due to be dismissed as duplicative of the claims against the City; and

2. That the § 1983 claims against the individual defendants in their official capacities are due to be dismissed for failure to state a claim.

The municipal defendant seeks dismissal on grounds that:

1. Liability for any violation under § 1983 may not be premised upon a theory of *respondeat superior,* and plaintiff has failed to allege any "policy or custom" that might give rise to liability under Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct 2018, 56 L.Ed. 2d 611 (1978);

2. The plaintiff's state-law claims against the City for false arrest, malicious prosecution, negligent supervision, and false imprisonment are barred because the plaintiff failed to file with the City clerk a sworn statement as required by Alabama Code §§ 11-47-23 and 11-47-192.

    3.      The false arrest, malicious prosecution, and wanton conduct claims against the City are barred by the immunity provided by Alabama Code § 11-47-190 because they are premised on intentional, malicious conduct; and,

    4.      Any claims for punitive damages against the municipal defendant are barred as a matter of law.

### A. Claims Against Beedle and Washington In Their Official Capacities

Under the clear language of Kentucky v. Graham, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985), official capacity lawsuits are "only another way of pleading an action against the entity." In other words, an action against a public employee in his *official* capacity is deemed for all purposes to be an action against the public entity, and the standards of proof necessary for establishing a claim against the entity come into play.

In this case, the City of Homewood also is a defendant, and the claims against Beedle and Washington in their *official* capacities are merely duplicative of the claims against Homewood. Even if Homewood were never explicitly named as a defendant, suit against the officers in their *official* capacity is, in fact and law, a suit against Homewood itself. The only relief plaintiff can seek against these defendants in their official capacities is nothing more than a judgment against the City of Homewood itself. See, e.g., Brandon v. Holt, 469 U.S. 464, 471, 105 S. Ct. 873, 878, 83 L. Ed. 2d 878 (1985); Todd v. Kelley, 783 So. 2d 31 (Ala. Civ. App., 2000). Accordingly, because Homewood is named as a defendant, it is unnecessary to have the police officers named in their *official* capacity, and the motion to dismiss the claims against Beedle and Washington in their

official capacities is due to be granted. To be clear, plaintiff may pursue whatever federal remedies he seeks in this regard directly against defendant City of Homewood.

Insofar as plaintiff intends to allege state-law claims against Officers Beedle and Washington in their *official* capacities (as distinct from personal capacities), Alabama law deems them to be state agents entitled to state sovereign immunity. In Key v. City of Cullman, 826 So. 2d 151 (Ala. Civ. App., 2001), the court determined that a Cullman police officer could not be sued in his *official* capacity due to state sovereign immunity. The Court of Civil Appeals wrote:

> The plaintiffs' complaint does not specify whether they sued Bartlett in his official capacity, in his individual capacity, or in both capacities. However, a complaint seeking money damages from a State employee or an agent of the State amounts to a complaint against the State; Art. I, § 14, Alabama Constitution of 1901, bars such a complaint. Ex parte Tuscaloosa County, 796 So. 2d 1100 (Ala. 2000); Ex parte Butts, 775 So. 2d 173, 177 (Ala. 2000). Thus, the plaintiffs may not maintain a cause of action against Bartlett in his official capacity.

Id. at 156. The court admits that it has never understood cities or municipalities to be entitled to sovereign immunity in Alabama. Nonetheless, Key is quite clear that a city police officer cannot be sued in his *official* capacity.[3]

Thus, with respect to both his federal and state law claims, plaintiff may not maintain an action against Officers Beedle and Washington in their *official* capacities. The claims against them in their *official* capacities either merge into the claims against Homewood or are dismissed.

---

[3] To be clear, this reasoning deals only with assertion of claims against the officers in their *official* capacities, and it does not address their potential personal liability. In their *personal* capacities, the officers may be able to claim discretionary function immunity, but that issue is not yet before the court.

**B.  § 1983 Claims Against Homewood**

Homewood further argues that the plaintiff's § 1983 claims against it fail to state claims for which relief can be granted in that the plaintiff has failed to plead that the alleged deprivation of plaintiff's civil rights was the result of a policy or custom of the City.  It is well settled that a municipality cannot be liable for a constitutional tort under § 1983 unless the deprivation of the constitutional right occurred as a result of an official policy or custom of the governmental body. See Monell v. Department of Social Services of New York, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978).  Moreover, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Monell, 436 U.S. at 691.  The Eleventh Circuit Court of Appeals further has determined that a municipality may be liable under § 1983 for the actions of a police officer only when the city's "official policy" caused the violation.  Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998).  As the court explained in Gold:

> The Supreme Court has placed strict limitations on municipal liability under section 1983.  There is no *respondeat superior* liability making a municipality liable for the wrongful actions of its police officers in making a false arrest.  See Monell v. Department of Social Servs., 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  Instead, a municipality may be held liable for the actions of a police officer only when municipal "official policy" causes a constitutional violation.  See id. at 694-95, 98 S. Ct. 2018.  Gold must "identify a municipal 'policy' or 'custom' that caused [his] injury," Board of County Com'rs v. Brown, 520 U.S. 397, ___, 117 S. Ct. 1382, 1388, 137 L. Ed. 2d 626 (1997) (citing Monell, 436 U.S. at 694, 98 S. Ct. 2018); "It is only when the 'execution of the government's policy or custom ... inflicts the injury' that the municipality may be held liable under § 1983." City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989).
>
> Thus, the City is not automatically liable under section 1983 even if it inadequately trained or supervised its police officers and those officers violated Gold's constitutional rights.  Instead, the Supreme Court has explained that there are only "limited circumstances" in which an allegation of a failure to train or supervise can be the basis for liability under § 1983.  See City of Canton, 489 U.S. at 387, 109

S. Ct. 1197. The Supreme Court has instructed that these "limited circumstances" occur only where the municipality inadequately trains or supervises its employees, this failure to train or supervise is a city policy, and that city policy causes the employees to violate a citizen's constitutional rights. Id. at 389-91, 109 S. Ct. 1197; see also Kerr v. City of West Palm Beach, 875 F.2d 1546, 1555 (11th Cir. 1989); Brown, at ___, ___, 117 S. Ct. at 1388, 1390.

Since a municipality rarely will have an express written or oral policy of inadequately training or supervising its employees, the Supreme Court has further explained that a plaintiff may prove a city policy by showing that the municipality's failure to train evidenced a "deliberate indifference" to the rights of its inhabitants, as follows:

> We hold today that the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact. This rule is most consistent with our admonition ... that a municipality can be liable under § 1983 only where its policies are the "moving force [behind] the constitutional violation." Only where a municipality's failure to train its employees in a relevant respect evidences a "deliberate indifference" to the rights of its inhabitants can such a shortcoming be properly thought of as a city "policy or custom" that is actionable under § 1983.... "[M]unicipal liability under § 1983 attaches where — and only where — a deliberate choice to follow a course of action is made from among various alternatives" by city policymakers. Only where a failure to train reflects a "deliberate" or "conscious" choice by a municipality — a "policy" as defined by our prior cases — can a city be liable for such a failure under § 1983.

City of Canton, 489 U.S. at 388-89, 109 S. Ct. 1197 (internal citations omitted).

To establish a "deliberate or conscious choice" or such "deliberate indifference," a plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action. See Board of County Com'rs v. Brown, 520 U.S. 397, ___, 117 S. Ct. 1382, 1390-91, 137 L. Ed. 2d 626 (1997); Young v. City of Augusta, Georgia, 59 F.3d 1160, 1171-72 (11th Cir. 1995); Church v. City of Huntsville, 30 F.3d 1332, 1342-46 (11th Cir. 1994); Wright v. Sheppard, 919 F.2d 665, 674 (11th Cir. 1990); Kerr v. City of West Palm Beach, 875 F.2d 1546, 1556-57 (11th Cir. 1989). This Court repeatedly has held that without notice of a need to train or supervise in a particular area, a municipality is not liable as a matter of law for any failure to train and supervise.

Gold v. City of Miami, 151 F.3d 1346, 1350-51 (11th Cir. 1998) (internal footnotes omitted); see also West v. Tillman, 496 F.3d 1321 (11th Cir. 2007).

This issue is in somewhat of an unusual procedural posture. Even though defendant Homewood filed a motion to dismiss the complaint against it, it supported the motion with an affidavit, which requires the court to convert the motion to dismiss to a motion for summary judgment. On a motion for summary judgment, the movant has the "initial burden" of showing no genuine issues of material fact and its entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). Here, the affidavit supporting the motion does not address at all any claim that Homewood was deliberately indifferent to the need to better or further train it police officers to prevent deprivations of its citizens' constitutional rights. It cannot be said that Homewood, by way of this affidavit and motion, has shown the absence of genuine issues of material fact and an entitlement to judgment as a matter of law. The motion simply does not address any § 1983 claim that may be asserted against it in the complaint.

In this case, the plaintiff alleges no facts to suggests that Homewood, or that city's police department, had a policy, custom, or widespread practice of making arrests without probable cause, or of using excessive force to beat or batter the subjects of arrests. In response to the instant motion, plaintiff asserts merely that the complaint sufficiently alleges a policy or custom in that count four alleges that the City negligently, wantonly, or willfully failed to adequately investigate, train, or supervise the individual defendants. (Complaint, paragraph 31). Although the complaint is far from being a model of clarity and completeness, it alleges that the city "wantonly" failed to "insure that Officers Washington and Beedle were properly investigated, trained, and/or supervised." Because

wantonness can be defined as being "deliberately indifferent" to the rights of another, a *very* liberal reading of the complaint can support an allegation that Homewood has a policy of being deliberately indifferent to widespread abuses by its police department. While the court is skeptical that evidence will ever be uncovered supporting this allegation, the inadequately supported motion for summary judgment does not allow the court to dismiss the claim at this stage of the case. Accordingly, Homewood's motion to dismiss the plaintiff's § 1983 claims against the City is due to be denied at this time.

### C.  Failure To Comply With Alabama Code §§ 11-47-23 and 11-47-192

With respect to the state-law claims asserted against it, the City of Homewood has alleged that the plaintiff failed to comply with the Alabama statutes that require an injured party to file, within six months of the accrual of the injury, a sworn statement setting forth circumstances surrounding the injury and claiming damages. These statutes have been construed strictly to require that the claim contain the requisite information and that it be sworn by the claimant. The defendant asserts that the City received a letter from counsel, but no sworn statement. This assertion is supported by an affidavit. In response to this specific allegation, plaintiff asserts that his counsel's letter to the city clerk of Homewood "substantially complies" with the notice-of-claim statutes.

The court is unwilling to say that counsel's unsworn letter indicating that a claim will be filed in the future constitutes "substantial compliance" with the statutes. These statutes, read together, require as a precondition to suit against a municipality that the claimant file a "sworn" statement, with six months after the occurrence, describing the time, date, place, and nature of the injury for

which compensation is sought. The statement must be signed and sworn to by the claimant. The letter in the instate case, which is dated April 21, 2005, is not signed by plaintiff, but by his attorney, and it is not sworn. The second paragraph of the letter states:

> Please take notice that Sergio Arceo hereby makes claim against the City of Homewood, Alabama for the tortious acts of its police department. We will be filing a verified complaint against the City of Homewood before the statutory time of six (6) months has elapsed, namely June 6, 2005. (See in pari materia §§ 11-47-23 and 11-47-192 *Code of Alabama (1975)*, as amended).

Despite pointing out the pertinent notice-of-claim statutes, plaintiff filed nothing else with the City, and did not file his unverified complaint in this case until December 4, 2006, more than 18 months after the six-month notice period elapsed. This simply is not "substantial" compliance with the statutes. Although the letter refers to the plaintiff's arrest and injuries on December 5, 2004, it cannot be regarded as a statement by the claimant, much less a sworn statement. Although strict compliance with the statutes is not required, "substantial" compliance requires something more than an unsworn letter from counsel to meet the requirements of the statutes. Cf Stabler v. City of Mobile, 844 So. 2d 555 (Ala., 2002) (filing of charge of discrimination with the EEOC within six months of termination held not "substantial compliance" with notice-of-claim statutes for purposes of state law claims against municipal employer). The fact that the letter may have given Homewood actual knowledge of the plaintiff's claim is not enough. Stabler v. City of Mobile, 844 So. 2d 555, 567 (Ala., 2002) ("Although Alabama courts have not required strict compliance with the notice-of-claim statutes, Alabama courts have refused to accept actual knowledge of a potential claim as a substitute for compliance with the notice-of-claim statutes.")

Accordingly, the City of Homewood's motion for summary judgment on the state-law tort claims against the municipal defendant is due to be granted, and those claims are due to be dismissed for the failure of plaintiff to substantially comply with Alabama's notice-of-claim statutes.

### D. Claims Against the City Alleging Intentional Conduct

Alternatively to the holding under Section C, above, the court notes that counts two, three, and five of the complaint allege intentional torts. Under Alabama law, a municipality is not liable for the intentional acts of its agents. Alabama Code § 11-47-190; see also, *e.g.*, Borders v. City of Huntsville, 875 So. 2d 168, 183 (Ala. 2003), Luckie v. City of Montgomery, 758 So. 2d 560 (Ala. 1999). Accordingly, any claim against Homewood arising from any alleged intentional acts of any agent of the City, specifically false arrest, false imprisonment, and malicious prosecution, are due to be dismissed. See Dickinson v. City of Huntsville, 822 So. 2d 411, 418 (Ala., 2001) ("This Court has repeatedly held that 'a municipality is not responsible for the acts of its officers, agents, or servants in making false arrests or for instituting a malicious prosecution.'"). In the complaint, plaintiff asserts that the false arrest was made "maliciously." Likewise, the malicious prosecution claim, by its very definition, requires intentional conduct on the part of the City's agents, as does false imprisonment. Accordingly, these claims against the municipal defendant are due to be dismissed for that additional reason.

### E.  Punitive Damages Sought Against the City

Finally, plaintiff asserts that he is entitled to punitive damages, and the City has moved to have any claim for punitive damages against it dismissed.  To the extent that plaintiff seeks such damages against the municipal defendant for his federal § 1983 claim, those damages are unavailable as a matter of law.  See Kentucky v. Graham, 473 U.S. 159, 105 S. Ct. 2099, 87 L. Ed. 2d 114 (1985); City of Newport v. Fact Concerts, 453 U.S. 247, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981)(A municipality may not be held liable for punitive damages in a § 1983 action).  The same also appears to be true under Alabama.  See Carson v. City of Prichard, 709 So. 2d 1199, 1206 (Ala., 1998); Alabama Code 6-11-26 (1975).[4]  Accordingly, the motion as to any claim for punitive damages against the municipal defendant is due to be granted.

### CONCLUSION

Based upon the foregoing undisputed facts and legal conclusions, the motions for summary judgment (court document #s 3, 4, and 5) are due to be granted in part and denied in part, and the claims are due to be dismissed with prejudice as follows:

1. All claims against Beedle and Washington in their official capacities are due to be dismissed.

2. All state-law tort claims against the City of Homewood are due to be dismissed.

---

[4] In any event, because all of plaintiff's state-law claims are dismissed for failure to comply with Alabama's notice-of-claim statutes, there are no stat-law claims remaining to support an award of punitive damages.

>    3. All claims against the City of Homewood, which arise from the alleged intentional conduct of agents of the City, are due to be dismissed.
>
>    4. All claims for punitive damages against the City of Homewood are due to be dismissed.

To the extent that the motions seeks other relief, they are due to be denied. Remaining in this action are all claims against defendants Beedle and Washington in their *personal* capacities, and a § 1983 claim against the City of Homewood for deliberate indifference to the need to better or further train and supervise its police officers. A separate order will be entered dismissing the claims as set forth herein.

DONE the 6th day of December, 2007.

_____
T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE